UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELIA Y. BROWN,

    Plaintiff,

v.

    Civil Case No. 17-13525
    Honorable Linda V. Parker

SWISSPORT SA, LLC,
PAM LESKO, and SUZANNE HAGUE,

    Defendants.
_____/

## OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION TO AMEND, (2) DENYING AS MOOT MOTION TO DISMISS FILED BY DEFENDANTS PAM LESKO AND SUZANNE HAGUE; AND (3) DISMISSING DEFENDANTS PAM LESKO AND SUZANNE HAGUE AS PARTIES TO THIS LAWSUIT

On October 30, 2017, Plaintiff initiated this pro se lawsuit claiming race discrimination in violation of federal law. Defendants Suzanne Hague ("Hague") and Pam Lesko ("Lesko") responded to Plaintiff's Complaint by filing a motion to dismiss. (ECF No. 8.) Defendant Swissport SA, LLC filed an Answer to the Complaint. Plaintiff has since filed a motion to dismiss Lesko and Hague as Defendants. (ECF No. 16.) Plaintiff filed an Amended Complaint reflecting the removal of these individuals as defendants on March 13, 2018. (ECF No. 18.) While Defendants filed a response in opposition to Plaintiff's motion (ECF No.

17), Defendant Swissport SA, LLC also filed an Answer to the Amended Complaint.  (ECF No. 22.)

Federal Rule of Civil Procedure 41 allows a plaintiff to voluntarily dismiss his or her claims without a court order by filing either (i) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or (ii) "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A).  Lesko and Hague have neither answered Plaintiff's Complaint nor filed a motion for summary judgment.  As such, Plaintiff is entitled to voluntarily dismiss her claims against them pursuant to Rule 41(a).

Federal Rule of Civil Procedure 15(a) instructs courts to allow a party to amend its pleading "when justice so requires."  The United States Supreme Court has instructed that motions to amend should be granted unless the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  There is no indication that Plaintiff's amendment falls within any of these categories.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to voluntarily dismiss Defendants Pam Lesko and Suzanne Hague as Defendants and to amend her complaint to

reflect this dismissal (ECF No. 16) is **GRANTED** and they are **DISMISSED WITHOUT PREJUDICE** as parties to this matter;

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendants Lesko and Hague (ECF No. 8) is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 13, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager